CJ 13-5458
Swinton

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT - 2 2013

TIM RHODES
COURT CLERK
By _____

| | |
|---|---|
| MEDLEY MATERIAL HANDLING COMPANY, Inc., a domestic for profit business corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. **CJ - 2013 - 5458** |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a foreign insurer doing business within Oklahoma, | ) ) ) ) |
| Defendant. | ) ) |

## PETITION

NOW INTO COURT comes Plaintiff, MEDLEY MATERIAL HANDLING COMPANY, INC., (referred to herein as "Plaintiff") and for its causes of action against Defendant, UNIVERSAL UNDERWRITERS INSURANCE COMPANY (referred to herein as "Defendant"), alleges and states as follows, to wit:

### General Allegations

(1)     Plaintiff is now and has been at all times relevant herein a resident of Oklahoma County, State of Oklahoma;

(2)     Defendant, is a corporation with its principal place of business and headquarters in Overland Park, Kansas and now and has been at all times relevant herein licensed to conduct business in Oklahoma County, State of Oklahoma.

(3)     All negotiations for the insurance policy at issue took place and arose in Oklahoma County, State of Oklahoma.

Exhibit 2

(4)     Jurisdiction and Venue for the instant action are proper pursuant to Title 12 O.S. §137 and
        §143.

(5)     Plaintiff's property was covered by an insurance policy sold by Defendant and purchased by
        Plaintiff at the time Plaintiff suffered a fire loss to a building located at 1501 NE 3rd Street,
        Amarillo, TX 79107.  Policy number 319815 was in full force and effect at the time of the
        covered loss.

(6)     On or about March 11, 2013, Plaintiff sustained physical damages and loss to a covered
        building due to a fire.

(7)     After that date, Plaintiff filed a claim with the Defendant pursuant to the above-referenced
        policy.  At all times relevant herein, Plaintiff complied with the terms of the policy.

(8)     After the loss, on or about March 28, 2013, Defendant issued payment to Plaintiff in the
        amount of $323,888.00 for the fire claim.  This amount is grossly deficient in relation to the
        value of the building and Plaintiff's fire loss.  Defendant has an obligation under the
        insurance contract to determine the amount of the property by an appraisal of the property.
        Defendant is also under an obligation to perform periodic appraisals, which act to increase
        coverage limits on the property as property values increase.  Defendant failed to make an
        appropriate appraisal in relation to the value of the building and to perform periodic
        appraisals of the building pursuant to the insurance contract.

(9)     Plaintiff has demanded a copy of the most recent appraisal but Defendant has refused to
        produce the same to Plaintiff or its counsel. Defendant has further failed in its duty to act in
        good faith and fair dealing with Plaintiff as it refused to produce its periodic appraisals upon

-2-

demand and refuses to cite policy provisions for its denial of coverage for the deficient amount of coverage.

(10)   As a result of Defendant's improper conduct, Plaintiff has sustained, among other things, monetary damages, inconvenience, loss of use of its premises, loss of business revenue, and has had to expend attorney's fees for prosecution of this action.

### First Cause of Action

Breach of Contract

(11)   Plaintiff adopts and incorporates herein paragraphs 1 through 10 above, as if more fully stated herein, and further alleges and states as follows, to wit:

(12)   When Plaintiff purchased the subject insurance policy from Defendant, it did so to obtain commercial coverage and protect itself against the risks of accidental losses and the financial risks that may result from such losses.  At the time, Defendant sold Plaintiff the subject insurance policy, Defendant knew the primary reason Plaintiff and other commercial purchasers, such as Plaintiff, purchase insurance policies: peace of mind and security provided by the coverage.  Defendant knew that the very risk Plaintiff sought insurance to protect itself against, could render Plaintiff under possible financial stress and leave Plaintiff particularly vulnerable to oppressive tactics on the part of the financially superior Defendant.

(13)   Defendant's relationship with its insured was a fiduciary and/or special relationship making all laws governing the existence and duties devolving upon the parties applicable.  Despite this, Defendant refused to honor its prior commitment to pay for the full amount of damages incurred by Plaintiff as a result of a covered loss.  Plaintiff is legally entitled to rely on Defendant to perform the duties imposed onto Defendant by the insurance contract.

-3-

(14)     Defendant breached the insurance contract by failing to perform an appraisal appraising the

building at its present value.  Defendant further breached the insurance contract by failing

to pay Plaintiff for damages incurred as a result of the March 11, 2013 fire loss and

subsequent rebuilding of the premises and all other covered losses.  As a result of

Defendant's breach of the contract terms, Plaintiff has been damaged in an amount of Two-

Hundred Twenty-Eight Thousand One Hundred Twenty Dollars and 00/100 ($228,120.00)

which is above the jurisdictional amount of 28 U.S.C §1332.

**Second Cause of Action**

Negligence

(15)     Plaintiff adopts and incorporates herein paragraphs 1 through 14 above, as if more fully

stated herein, and further alleges and states as follows, to wit:

(16)     Defendant was negligent by failing to obtain, or, in the alternative, obtaining and utilizing

a materially false appraisal for Plaintiff's property.  Defendant knew, or should have known

that the appraisal, if obtained for the amount insured, was improper and deficient to

adequately cover the building in the event of a covered loss.  Defendant's negligence was the

sole and proximate cause of Plaintiff's damages.

**Third Cause of Action**

Bad Faith

(17)     Plaintiff adopts and incorporates herein paragraphs 1 through 16 above, as if more fully

stated herein, and further alleges and states as follows, to wit:

-4-

(18)   Defendant owed Plaintiff a duty of good faith and fair dealing, which obligated Defendant to fully and fairly investigate and pay Plaintiff's entire claim and cooperate in the disclosure of information relating to the policy coverage and reasons for denial.

(19)   By failing to pay Plaintiff's entire claim, Defendant breached its' duty of good faith and fair dealing owed to Plaintiff. Defendant further violated its' duty of good faith and fair dealing by unreasonably failing in all aspects to deliver, upon demand, a copy of the required appraisal and to specify what policy provisions Defendant relies upon for its failure to pay Plaintiff's entire claim and withholding of policy information. Defendant further violated its' duty of good faith and fair dealing by negligently supervising this loss.

(20)   Defendant breached the duty of good faith and fair dealing owed by an insurer to its' insured. Defendant recklessly disregarded their duty to deal in good faith with their insured. Further, Defendant acted intentionally and with malice by failing to pay Plaintiff's claim and refusing to produce policy documents upon demand by Plaintiff and its counsel. Defendant should be punished for engaging in reckless, intentional, and malicious conduct and to serve as an example to Defendant and others who may attempt the same type of conduct. As a result of Defendant's breach of its' good faith and fair dealing, Plaintiff has suffered actual money damages and has also suffered inconvenience and financial distress.

(21)   Based upon Defendant's wanton and willful actions, in addition to its' reckless disregard of its' duty to deal fairly and in good faith with Plaintiff, Plaintiff seeks punitive damages.

(22)   Plaintiff further alleges that Defendant's wanton, willful, malicious and reckless disregard towards its' insured are a part of a common scheme or plan to disregard their duty to deal

fairly and in good faith with its insureds, such as Plaintiff, when investigating, evaluating, and failing to pay first-party insurance claims.

(23)     As a result of Defendant's wanton and willful actions, and its' reckless disregard of its' duty to deal fairly and in good faith with Plaintiff, and pursuant to 12 O.S. § 2008 (A) Plaintiff damages may potentially be in excess of the jurisdictional amount of 28 U.S.C §1332.

WHEREFORE, premises considered, Plaintiff, respectfully requests the Court enter a money Judgment against Defendant, Universal Underwriters Insurance Company for (1) breach of contract in the amount of $228,120.00, plus any increase in the amount of materials actually incurred; (2) actual and compensatory damages for Defendant's bad faith; (3) punitive damages; (4) Plaintiff's prejudgment interest, costs, and a reasonable attorney's fee; and (5) such other legal and equitable relief as the court deems just and proper.

Respectfully Submitted,

G. RUDY HIERSCHE, JR. OBA #4183
JUSTIN T. HIERSCHE, OBA #20724
Hiersche Law Firm
105 North Hudson
Oklahoma City, Oklahoma 73102
(405) 235-3123 Telephone
(405) 235-3142 Facsimile

ATTORNEYS FOR PLAINTIFFS

**ATTORNEY'S LIEN CLAIMED**

-6-